UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK LH TUCKER SHARP,<br><br>                    Plaintiff,<br>    v.<br><br>GRANITE CONSTRUCTION, *et al.*,<br><br>                    Defendants. | Case No. 3:22-cv-00098-ART-CSD<br><br>ORDER |

Before the Court is the Magistrate Judge's report recommending dismissal of this action without prejudice for failure to file a complaint. (ECF No. 5.) Because this Court construes Plaintiff Sharp's initial filing (ECF No. 1) as a *pro se* complaint stating a cognizable tort claim against a government entity and other defendants, it rejects the report recommending dismissal and grants Sharp leave to amend his Complaint. Failure to file an amended complaint within 90 days could result in dismissal of this action.

Sharp filed a Complaint on February 18, 2022, by commencing this "civil action" alleging that that he was hit by an Amtrak train while he was in a concrete truck during his employment with 3D Concrete. In his initial filing, Sharp requested additional time to pay fees and file his complaint because he currently is detained pretrial and because the lawyer whom he tried to retain declined to represent him. The Magistrate Judge construed Sharp's initial pleading simply as a motion, which it denied, and informed Sharp by letter that he had 30 days to file a complaint and either pay the full $402 filing fee or apply to proceed *in forma pauperis* ("IFP"). (ECF No. 3.) Mr. Sharp paid the filing fee, which the Magistrate Judge acknowledged, but did not file any new documents, so the

Magistrate Judge recommended that his case be dismissed without prejudice for failure to file a complaint. This Court finds that Sharp's initial pleading is a complaint that survives screening under 28 U.S.C. § 1915A.

This Court must screen a civil complaint by a prisoner like Sharp who "seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). A complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

A §1915A screening order must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Because Sharp is proceeding *pro se*, his pleadings must be "construed liberally" and he must be afforded "the benefit of any doubt." *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted)); *cf. Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (stating *pro se* complaints are construed liberally and "may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Sharp states a cognizable tort claim against Amtrak by alleging that he was "hit by an Amtrak train" on "February 20, 2020." (ECF No. 1.) This statement, though minimal, alleges a tort claim against the National Railroad Passenger Corporation known as "Amtrak." This Court has jurisdiction over a suit against Amtrak. *See* 28 U.S.C. § 1349 (providing federal court jurisdiction over federally chartered corporation of which the United States owns more than

50 percent of the capital stock); *Hollus v. Amtrak Northeast Corridor*, 937 F.Supp. 1110, 1114 (D.N.J. 1996) (holding that Amtrak is subject to suit in federal court pursuant to 28 U.S.C. § 1349); *Moore v. City of Merced*, No. No. 19-01183, 2019 WL 6467324, at *1 (E.D. Cal. Dec. 2, 2019)(noting that courts routinely accept as well-established that the United States owns more than one half of Amtrak's capital stock). Amtrak is a government entity that is not immune from damages. *See Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 391 (1995) (holding that Amtrak is a government entity and not immune from damages suits, *citing Sentner v. Amtrak,* 540 F.Supp. 557, 560 (D.N.J. 1982)).

Though his Complaint alleges a tort claim against Amtrak and thus survives screening, Sharp will be given leave to amend his Complaint to address its deficiencies. Under the Federal Rules of Civil Procedure ("FRCP") 15, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). With respect to Amtrak, an amended complaint should provide additional detail regarding the February 20, 2020 incident, explaining what happened, what Amtrak did or failed to do that resulted in harm to Sharp and what damages or other relief he seeks. If Sharp seeks to add any claims against the Amtrak, he should number each claim and write a short and plain statement of each claim in a separate paragraph. Sharp must file an amended complaint within 90 days of this Order and must provide additional information consistent with this Order. Failure to amend the complaint may result in dismissal of this action.

Sharp also names Granite Construction and Union Pacific Railroad as defendants but his Complaint is deficient because it fails to explain what these defendants did or failed to do that caused him harm and what relief Sharp is requesting. *See* FRCP 20(a)(2) (allowing a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all

defendants will arise in the action.") Those additional facts will be necessary to determine if the Court has jurisdiction over these defendants and Sharp has stated a cognizable claim against them.

To summarize, while Sharp's Complaint survives screening, he must amend his Complaint to cure its deficiencies and failure to do so may result in dismissal of this action. An amended complaint must:

- State what happened and how Sharp was injured;
- State what each of the defendants did or failed to do that caused Sharp harm; and
- State the relief Sharp seeks.

If more than one claim is asserted against any defendant, Sharp should number each claim and write a short and plain statement of each claim in a separate paragraph. The Court provides Sharp with a sample complaint form to use or to serve as a guide for his amended complaint.

Additionally, because Sharp is currently detained, he is advised of the following:

1. If Sharp moves, he must update the Court with any new address within sixty (60) days from the date he changes addresses, or this case will be subject to dismissal without prejudice.
2. If Sharp completes the application to proceed in forma pauperis and it is granted, the Court will order the United States Marshall to order the Amended Complaint on defendant(s). Fed. R. Civ. P. 4(c)(3).
3. If Sharp is not proceeding in forma pauperis and is unable to serve defendants in compliance with FRCP 4, Sharp can request that service be made by the United State Marshal and the Court will consider his request. Fed. R. Civ. P. 4(c)(3).

It is therefore ordered that the R&R in this case (ECF No. 5) is rejected.

It is further ordered that Sharp has 90 days from the date of this Order to amend his Complaint, which should be entitled "First Amended Complaint" using the same case number.

The Clerk of the Court is kindly directed to send Sharp an application to proceed *in forma pauperis* and a sample "Pro Se 1" Complaint for a Civil Case to:

> Mark Tucker Sharp
> Register Number: 75958-509
> FCI Herlong
> 741-925 Access Road A-25
> Herlong, CA  96113

Sharp need not at this time attempt service on any defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will address the issue of service pursuant to Federal Rule of Civil Procedure 4.

DATED THIS 7th Day of June 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of

Division

|  |  |
|---|---|
| _____ | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*  ☐ Yes  ☐ No |
| -v- |  |
| _____ |  |
| *Defendant(s)* |  |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* |  |

## COMPLAINT FOR A CIVIL CASE

**I.      The Parties to This Complaint**

    **A.      The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

        Name                           _____
        Street Address                  _____
        City and County                _____
        State and Zip Code          _____
        Telephone Number           _____
        E-mail Address                  _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____
    E-mail Address *(if known)*     _____

Defendant No. 2
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____
    E-mail Address *(if known)*     _____

Defendant No. 3
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____
    E-mail Address *(if known)*     _____

Defendant No. 4
    Name     _____
    Job or Title *(if known)*     _____
    Street Address     _____
    City and County     _____
    State and Zip Code     _____
    Telephone Number     _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.  If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

**B.  If the Basis for Jurisdiction Is Diversity of Citizenship**

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.  If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        The defendant, *(name)* _____, is a citizen of
        the State of *(name)* _____. Or is a citizen of
        *(foreign nation)* _____.

    b.    If the defendant is a corporation
        The defendant, *(name)* _____, is incorporated under
        the laws of the State of *(name)* _____, and has its
        principal place of business in the State of *(name)* _____.
        Or is incorporated under the laws of *(foreign nation)* _____,
        and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

    _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    _____

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____
Printed Name of Plaintiff _____

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____